**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**
**CIVIL ACTION NO. 4:21CV-P14-JHM**

**ALEXANDER MEDINA RAY REID I**                                             **PLAINTIFF**

v.

**HOPKINS COUNTY FISCAL COURT** *et al.*                             **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Alexander Medina Ray Reid I, filed the instant *pro se* 42 U.S.C. § 1983 action. This matter is before the Court on an initial review of the amended complaint (DN 22)[1] pursuant to 28 U.S.C. § 1915A. Upon review, the Court will dismiss some of Plaintiff's claims and allow other claims to proceed for further development.

**I. SUMMARY OF ALLEGATIONS**

Plaintiff states that he is a pretrial detainee at the Hopkins County Jail (HCJ). He sues the Hopkins County Fiscal Court and HCJ Jailer Mike Lewis, Sergeant Sara Davis, and Corporal Morris T. Cunningham in their individual and official capacities. He also sues Scott Wilson, whom he identifies as a physician employed by "Western Ky Correctional Healthcare HCJ," in his individual and official capacities, as well as "Western Ky Correctional Healthcare."

On the first page of his statement of the claim, Plaintiff lists six numbered claims: "medical neglect by Scott Wilson and Western Ky Healthcare"; "cruel and unusual punishment administered by jail staff"; "sexual abuse"; "neglect by command and administration"; "religious discrimination, denied freedom of practice"; and "tampering with mail, denied rights to writing

---

[1] By prior Order (DN 21), the Court ordered Plaintiff to file an amended complaint on the Court's approved § 1983 complaint form and stated that the amended complaint would supersede the original complaint and other filings purporting to make additional allegations.

supplies, papers." Following that are eight handwritten pages of allegations which the Court will attempt to summarize.

Plaintiff states that he has "multiple psychological and physical impairments." He states that he has been diagnosed with post-traumatic stress disorder, anxiety, depression, paranoia, and schizophrenia. He states that he had a prior surgery for a "Hillsachs' legion, which has recurred as a fracture in my left shoulder that has not yet been treated." He reports that he has also been diagnosed with eczema.

Plaintiff states that on October 28, 2020, he began to have a "panic attack." He describes the incident as follows:

> I remember Sergeant Cunningham and deputies Smith and Sherer escorting me to the stress unit, and telling me to enter but at the same time I attempted to follow the command were forcefully pulling me away from the room, which resulted in them restraining me. I was confused as to how my airways were also restricted.

He reports that he was placed on suicide watch after he explained that he was not suicidal and "just needed my medicine." Plaintiff states that he is prescribed "Olanzepine," "Trazzadome," and "Sertraline." He states, "I also have Terazosin prescribed which was not brought to the facility by my contacts." He further asserts that while on suicide watch, he "awoke from my slumber again panicked and my head and chest feeling heavy as well as a feeling that I might be drowning and going through a stage of cardiac arrest." He states that there was not an emergency button in the cell and that Officer Caleb Newton[2] told him that it was not an emergency and walked away. When he tried again to get Newton's attention, he was placed in segregation.

---

[2] Plaintiff named Newton as a Defendant in the original complaint but did not name him as a Defendant in the superseding amended complaint. However, for the reasons stated herein, the claims against Newton would be dismissed for failure to state a claim in any event.

Plaintiff states that on November 2, 2020, he awoke and tried to get staff members' attention "due to feeling smothered in my sleep[.]"  He reports that he was restrained and "forced to sit for 7 hours until I urinated while restrained after requesting to use the facilities many times . . . after being forced into a strip search and suicide smock by Sergeant Cunningham."  He states, "Even up to this day I have had multiple panic attacks and been restrained numerous times, being humiliated and dragged down the hallway and had my airways restricted each time and my shoulder twisted even without being combative or uncompliant."  Plaintiff continues, "The physician has refused to treat, medicate, or even see me for that matter.  I have had heart rates up to 148 BPM and still no medication or doctor visit."

Plaintiff maintains, "I have also requested numerous times study material for Hebrews, Kosher meals, and congregation to observe Shubbat, and Torah, have been denied, and told I am not authorized denying me my 1st amendment right."  He also states that this violates Kentucky regulations.

Plaintiff further asserts that he has had multiple pieces of mail returned without being sent and outgoing mail cut open and discarded, including legal mail concerning this case.

Plaintiff also states that he has had "multiple complaints of sexual assault against both Jason Ulrich and Caleb Newton."  He states, "Upon attempting to grieve the incidents and file P.R.E.A. I was told by staff that the patdowns conducted were clear of any misconduct.  I would like these incidents investigated properly, as the grievance officer is also the P.R.E.A. investigator."

Moreover, Plaintiff states that he has had to sleep on a concrete floor and had his mat taken away while on suicide watch and while injured with a fracture in violation of the Eighth Amendment.  He also states that he is "currently serving an excessive amount of segregation time

for unjustifiable allegations and accusations that the command officers have conjured against me without giving opportunity to appeal, or investigate properly so that I am unable to presume my innocence." He states that he has been placed on "consecutive segregation time at an estimated 210 days (7 months)." Plaintiff further maintains, "The same goes with the Hopkins County justice system[,]" and he asserts that he was not able to adequately defend two of the three charges he was convicted of. He complains about his defense attorney and the prosecution.

Plaintiff also alleges a claim for defamation of character based on the incident where he allegedly was placed in a restraint chair and forced to urinate on himself in front of jail employees and trustees, one of whom, he states, was an acquaintance. He asserts that he was humiliated and embarrassed.

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of "expungement of records, release" and "revision of policy and thorough inspection."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### III. ANALYSIS

**A. Defendants Wilson and Western Ky Correctional Healthcare**

Plaintiff claims that he has been denied mental health treatment and medical treatment for a fractured shoulder. Upon review, <u>the Court will allow a claim for deliberate indifference to his serious medical needs under the Fourteenth Amendment to proceed against Defendant Wilson in his individual capacity</u>.[3]

Plaintiff also sues Defendant Wilson in his official capacity and his employer, Western Ky Correctional Healthcare. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473

---

[3] A claim of deliberate indifference to serious medical needs brought by a pretrial detainee is governed by the Fourteenth Amendment, and one brought by a convicted inmate is governed by the Eighth Amendment. *See Brawner v. Scott Cty., Tenn.*, 14 F.4th 585, 597 (6th Cir. 2021). Because Plaintiff indicates in the complaint that he is a pretrial detainee, the Court will apply the Fourteenth Amendment to his claims. However, Plaintiff also makes reference to his convictions. If he is in fact a convicted inmate, the Eighth Amendment will apply to his claims.

U.S. 159, 165 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Therefore, Plaintiff's official-capacity claim against Defendant Wilson is actually brought against his employer, Western Ky Correctional Healthcare. The Sixth Circuit has held that the same analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private corporation, such as Western Ky Correctional Healthcare.[4] *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (citing *Monell*, 436 U.S. at 691) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well.").

When a § 1983 claim is made against a municipality or a contracted entity, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality or entity is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). In regard to the second component, a municipality or entity cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal or entity policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate liability, a plaintiff "must (1) identify the municipal [or entity's] policy or custom, (2) connect the policy to the municipality [or entity], and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the

---

[4] "It is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins*, 487 U.S. 42, 54 (1988)).

municipality or entity under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff does not allege that he was denied mental health or medical treatment pursuant to a policy or custom of Western Ky Correctional Healthcare, but alleges denial of treatment affecting only him. Accordingly, Plaintiff's official-capacity claim against Defendant Wilson and his claim against Western Ky Correctional Healthcare will be dismissed for failure to state a claim upon which relief may be granted.

## B. Hopkins County Defendants

### 1. Hopkins County and official-capacity claims against Hopkins County personnel

Plaintiff's official-capacity claims against Defendants Lewis, Davis, and Cunningham are actually brought against their employer, Hopkins County. *See Kentucky v. Graham*, 473 U.S. at 166. Plaintiff also sues the Hopkins County Fiscal Court, which the Court will also construe as a claim against Hopkins County.

Once again, when a § 1983 claim is made against a municipality, a municipal policy or custom "must be 'the moving force of the constitutional violation. . . .'" *Searcy*, 38 F.3d at 286 (quoting *Polk Cty.*, 454 U.S. at 326). Plaintiff alleges a variety of claims against Hopkins County personnel. However, he does not allege that any action was taken based on a policy or custom of Hopkins County. The complaint alleges isolated occurrences affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999). Accordingly, Plaintiff's claims against Hopkins County and his official-capacity claims against Defendants Lewis, Davis, and Cunningham will be dismissed for failure to state a claim upon which relief may be granted.

### 2. Individual-capacity claims

#### a. October 28, 2020 incident

Plaintiff states on October 28, 2020, after having a panic attack, he was escorted by Defendant Cunningham and two deputies to the stress unit, that they "were forcefully pulling [him] away from the room" and restrained him, that he was "confused as to how [his] airways were also restricted," and that he was put on suicide watch.

Under the Fourteenth Amendment standard for establishing excessive force applied to pretrial detainees, the relevant inquiry is whether "the force purposely or knowingly used against [the inmate] was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015); *see also Coley v. Lucas Cty.*, 799 F.3d 530, 538 (6th Cir. 2015) (citing *Kingsley*, 576 U.S. at 397). This inquiry is "highly fact-dependent" and must consider the government's "legitimate interests" managing correctional facilities in pursuing "to preserve internal order and discipline and to maintain institutional security." *Coley*, 799 F.3d at 538 (quoting *Kingsley*, 576 U.S. at 397).

Plaintiff's allegations concerning the October 28, 2020, incident are too vague and conclusory to state a Fourteenth Amendment claim against Defendant Cunningham. He fails to describe the incident in any detail, such as what actions were taken by Defendant Cunningham or what injuries he sustained, if any. Moreover, Plaintiff gives the Court no reason to believe that Defendant Cunningham's actions were not reasonable to respond to Plaintiff's admitted panic attack. In addition, while he states that he was put on suicide watch, he does not state the duration or describe any adverse conditions while housed there. Therefore, the Court will dismiss this excessive-force claim for failure to state a claim upon which relief may be granted. *See Wheatley v. Wright*, No. 1:20-CV-P127-GNS, 2020 U.S. Dist. LEXIS 142649, at *5 (W.D. Ky. Aug. 10, 2020) (dismissing Fourteenth Amendment excessive-force claim as too vague).

### b. November 2, 2020, incident

Plaintiff states that on November 2, 2020, he was retrained for seven hours, that he was forced to urinate while restrained, and that he was strip-searched and put in a suicide smock. Upon review, the Court will allow an excessive-force claim under the Fourteenth Amendment to proceed against Defendant Cunningham in his individual capacity based on these allegations.

Plaintiff also alleges a claim of defamation of character based on the incident. In Kentucky, defamation is "the injury to the reputation of a person in public esteem." *Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 793 (Ky. 2004), *overruled on other grounds by Toler v. Süd-Chemie, Inc.*, 458 S.W.3d 276 (Ky. 2014) (internal quotation and citation omitted). To state a claim for defamation, a plaintiff must allege: (1) defamatory language, (2) about the plaintiff, (3) which is published, and (4) which causes injury to reputation. *Stringer*, 151 S.W.3d at 793. Plaintiff's allegations fail to meet any of the elements of a defamation claim, and the claim will be dismissed for failure to state a claim upon which relief may be granted.

In addition, Plaintiff states, "Even up to this day I have had multiple panic attacks and been restrained numerous times, being humiliated and dragged down the hallway and had my airways restricted each time and my shoulder twisted even without being combative or uncompliant." In order to state a claim under § 1983, a plaintiff must make sufficient allegations to give each defendant fair notice of the claim against him or her. *Twombly*, 550 U.S. at 544. Because Plaintiff does not allege that any Defendant participated in this conduct, any claim based on this allegation will be dismissed for failure to state a claim.

### c. Placement in segregation

Plaintiff describes another incident where he woke feeling panicked with his "head and chest feeling heavy" and got the attention of Officer Newton who told him it was not an emergency

and walked away. After he tried again to get Officer Newton's attention, he was placed in segregation. He also states that he is serving an excessive amount of segregation.

To determine whether segregation of an inmate from the general prison or jail population involves the deprivation of a liberty interest protected by the Due Process Clause of the Fourteenth Amendment, the Court must determine if the segregation imposes an "'atypical and significant' hardship on the inmate 'in relation to the ordinary incidents of prison life.'" *Jones v. Baker*, 155 F.3d 810, 811 (6th Cir. 1998) (quoting *Sandin v. Conner*, 515 U.S. 472, 483 (1995)). Under various circumstances, courts have found that confinement to administrative segregation does not present an "atypical and significant" hardship implicating a protected liberty interest. *See, e.g.*, *Jones*, 155 F.3d at 812-13 (holding that two years of segregation while inmate was investigated for murder of prison guard in riot did not implicate a liberty interest entitling him to due process); *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997) (concluding that more than a year in administrative segregation did not implicate inmate's due process rights); *Webb v. Bucholtz*, No. 1:20-cv-1036, 2021 U.S. Dist. LEXIS 39326, at *4-7 (W.D. Mich. Mar. 3, 2021) (holding that pretrial detainee's ten-month placement in segregation failed to implicate a liberty interest entitling him to due process). Therefore, Plaintiff's claim based on being placed in segregation will be dismissed.

### d. Religious materials

Plaintiff also alleges that he has been denied "study material for Hebrews, Kosher meals, and congregation to observe Shubbat, and Torah . . . ." "Prisoners retain the First Amendment right to the free exercise of their religion." *Hayes v. Tenn.*, 424 F. App'x 546, 549 (6th Cir. 2011) (citing *Walker v. Mintzes*, 771 F.2d 920, 929 (6th Cir. 1985)). A violation of the First Amendment requires the imposition of a "substantial burden" on a plaintiff's exercise of his religion. *Welch v.*

*Spaulding*, 627 F. App'x 479, 485 (6th Cir. 2015). Similarly, the Religious Land Use and Institutionalized Persons Act (RLUIPA) prohibits the governmental imposition of a "substantial burden on the religious exercise" of an inmate unless the government establishes that the burden furthers a "compelling governmental interest" through the "least restrictive means[.]" 42 U.S.C. § 2000cc-1(a).

Here, Plaintiff does not identify his religion, nor does he allege a sincerely held religious belief that requires him access to the materials he has requested. His First Amendment claim, therefore, fails. A RLUIPA claim also fails because Plaintiff has not explained what his religion is and how the denial of these materials substantially burdens his exercise. Moreover, to the extent Plaintiff asserts that the denial of these materials violates Kentucky regulations, the violation of state regulations does not give rise to a § 1983 claim. *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 (6th Cir. 1995). Therefore, Plaintiff's claims based on denial of religious materials will be dismissed for failure to state a claim.

### e. Mail

Plaintiff also alleges that he has had "multiple parcel of mail returned without being attempted to send outgoing both cut open and discarded containing legal documentation for this specific case, as well as letters to my wife and son . . . ." However, Plaintiff does not allege which Defendant, if any, participated in this conduct, and his one-sentence statement is too conclusory and lacking in factual specificity to support a claim. *See Iqbal*, 556 U.S. at 678. Therefore, Plaintiff's claim based on the handling of his mail will be dismissed for failure to state a claim.

### f. Sexual assault

Plaintiff also alleges that he had "multiple complaints of sexual assault" against Officers Newton and Ulrich. Neither of these officers is a named Defendant in the amended complaint.

However, even if they were, Plaintiff's blanket allegation of "sexual assault" is too vague, conclusory, and "'devoid of . . . factual enhancement'" to permit the Court "to draw the reasonable inference" that these Defendants engaged in alleged sexual assault. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Accordingly, Plaintiff's claims alleging sexual assault will be dismissed for failure to state a claim upon which relief may be granted.

### g. Hopkins County conviction

Plaintiff also claims that he was not able to adequately defend two of the three charges he was convicted of in Hopkins County and complains about his defense attorney and the prosecution. Under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), a convicted party may not file a § 1983 suit for damages or equitable relief challenging his conviction or sentence if a ruling on his claim would render the conviction or sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration."). In other words, if a ruling on a claim would necessarily render the plaintiff's conviction invalid, the § 1983 claim must be dismissed because it is simply not cognizable until the challenged conviction has been remedied by some other process. *Heck*, 512 U.S. at 487. Because Plaintiff gives no indication that his Hopkins County convictions have been reversed on appeal or otherwise invalidated, he cannot challenge the

convictions in this § 1983 action. Accordingly, this claim will be dismissed for failure to state a claim.

### h. Defendants Lewis and Davis

The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the claim is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights). Because Plaintiff fails to allege any specific actions taken by Defendant Lewis or Davis, the claims against them must be dismissed.

Moreover, to the extent Plaintiff seeks to hold Defendant Lewis liable based on his supervisory position as the HCJ Jailer, the claim still fails because the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see Monell*, 436 U.S. at 691-95, unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." Plaintiff makes no such allegation against Defendant Lewis.

Accordingly, Plaintiff's claims against Defendants Lewis and Davis will be dismissed for failure to state a claim upon which relief may be granted.

## C. Injunctive relief

Plaintiff seeks injunctive relief in the form of "expungement of records, release" and "revision of policy and thorough inspection." Plaintiff's requests for expungement and release from custody are not available remedies under § 1983. *See Heck v. Humphrey*, 512 U.S. at 481; *Wilkinson v. Dotson*, 544 U.S. at 81-82. Moreover, since Plaintiff alleges no policy that caused his harm, his request for a change to any policy and an inspection is also denied. Accordingly, Plaintiff's claims for injunctive relief will be denied for failure to state a claim upon which relief may be granted.

## IV. ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the official-capacity claims against all Defendants; the claims against Defendants Hopkins County Fiscal Court and Western Ky Correctional Healthcare; and the individual-capacity claims against Defendants Lewis and Davis are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED to terminate Defendants Lewis, Davis, and Newton** as parties to this action.

The Court has allowed Plaintiff's claim for deliberate indifference to his serious medical needs under the Fourteenth Amendment to proceed against Defendant Wilson in his individual capacity and his claim for excessive force under the Fourteenth Amendment to proceed against Defendant Cunningham in his individual capacity.

The Court will enter a separate Order governing the claims which will proceed.

Date:  November 18, 2021

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
  Defendants
  Hopkins County Attorney
4414.010